IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

```
LEE H. WAGNER,                    :
                  Petitioner,     :
             v.                   :   Case No. 3:08-cv-186-KRG-KAP
KENNETH CAMERON, SUPERINTENDENT, :
S.C.I. CRESSON,                   :
                  Respondent      :
```

## Report and Recommendation

### Recommendation

Petitioner, serving a 5-10 year sentence imposed by the Court of Common Pleas of Allegheny County on December 16, 1998, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254. I recommend that the petition be denied as untimely, and that a certificate of appealability be denied.

### Report

Petitioner was convicted of aggravated indecent assault in 1997 after a jury trial in the Court of Common Pleas of Allegheny County and on May 7, 1997, was sentenced by Honorable Lawrence O'Toole to 5 years to life as a violent sexual predator under a Pennsylvania statute that was subsequently held unconstitutional. On remand from the Pennsylvania Superior Court, Judge O'Toole sentenced petitioner on December 16, 1998, to 5-10 years imprisonment, consecutive to another sentence petitioner was serving. Petitioner challenges his conviction and sentence in a habeas corpus petition filed on July 24, 2008. Respondent contends that the Court cannot reach the merits of the petition because it is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)'s statute of limitations, 28 U.S.C.§ 2244(d).

I

AEDPA requires, with few exceptions, that habeas corpus petitions under 28 U.S.C.§ 2254 be filed within one year of the date a petitioner's judgment of sentence becomes final:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.§ 2244(d)(1)(A)-(D).

AEDPA's limitations period is tolled when and only when a "properly filed" application for state collateral review is pending.   28 U.S.C.§ 2244(d)(2).   See Pace v. DiGuglielmo, 544 U.S. 408, 413-14 (2005).

        The respondent supplied the record of the state court proceedings in Commonwealth v. Wagner, CP-02-CR-1280-1996 (C.P. Allegheny County)  in a three-volume Answer filed at docket no. 22, docket no. 23, and docket no. 24.  From the record, the relevant dates are not in dispute.  Petitioner was sentenced the first time on May 7, 1997.   Judge O'Toole's supporting opinion filed under

2

Pa.R.App.P. 1925 on January 8, 1998, Exhibit 10, invited a remand to consider, inter alia, claims of ineffectiveness and the counseled direct appeal to the Pennsylvania Superior Court, Commonwealth v. Wagner, No. 1777 Pittsburgh 1997, judgment order (Pa.Super. September 21, 1998, amended September 30, 1998) duly resulted in a remand.   Resentencing without the life parole provisions that had been declared unconstitutional took place on December 16, 1998, and Judge O'Toole imposed a 5-10 year sentence consecutive to a parole violation sentence petitioner was serving on an earlier sexual assault conviction.

The sentence was supported by Judge O'Toole's opinion filed under Pa.R.App.P. 1925 on June 23, 1999, Exhibit 21, and the second counseled direct appeal to the Pennsylvania Superior Court resulted in a memorandum opinion affirming the conviction and sentence on the basis of Judge O'Toole's opinion on July 21, 2000. Commonwealth v. Wagner, No. 86 WDA 1999, slip op. (Pa.Super. July 21, 2000), Exhibit 24.

Petitioner did not seek allocatur in the Pennsylvania Supreme Court, but filed a petition under Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S.§ 9541 et seq., on August 3, 2000. After appointment of counsel, amendment of the petition, and a hearing on the allegations of ineffectiveness of trial counsel on March 23, 2002 , relief was denied by Judge O'Toole on April 4, 2002.  His supporting opinion under Pa.R.App.P. 1925,

3

Exhibit 33, was filed on September 6, 2002, and the Pennsylvania Superior Court affirmed on the basis of that opinion in a memorandum decision filed on July 3, 2003. Commonwealth v. Wagner, No. 693 WDA 2002, slip op. (Pa.Super. July 2, 2003), Exhibit 39. Petitioner did file for allocatur this time, but the Pennsylvania Supreme Court denied review without explanation on December 16, 2003. Commonwealth v. Wagner, No. 377 WAL 2003 (Pa. December 16, 2003), Exhibit 42.

Petitioner next filed an attack on his conviction on January 27, 2006, in a PCRA petition which sought DNA testing of physical evidence used at the trial[1]. This was a properly filed timely petition: Pennsylvania had amended its PCRA statute in 2002 to permit post-conviction requests for DNA testing. 42 Pa.C.S.§ 9543.1(a)(2). Judge O'Toole appointed counsel, and counsel filed an amended petition. Judge O'Toole denied the petition on the merits on November 13, 2006, with a supporting opinion filed under Pa.R.App.P. 1925, Exhibit 51, on January 24, 2007. The Pennsylvania Superior Court heard the counseled appeal and affirmed on the basis of Judge O'Toole's opinion on December 26, 2007, Commonwealth v. Wagner, No. 2246 WDA 2006, slip op. (Pa.Super. December 26, 2007), Exhibit 55, and the Pennsylvania Supreme Court

---

1. In this PCRA petition petitioner alluded to a nunc pro tunc petition filed in November 2005 but which does not appear of record. As can be seen from the discussion, whether such a petition exists does not affect the timeliness of the habeas petition.

4

denied the counseled petition for allowance of appeal without explanation on May 29, 2008. <u>Commonwealth v. Wagner</u>, No. 53 WAL 2008 (Pa. May 29, 2008), Exhibit 58.

In July 2008, the same month that petitioner filed the petition in this court for a writ of habeas corpus, and August 2008, petitioner filed additional <u>pro</u> <u>se</u> PCRA petitions in the Court of Common Pleas of Allegheny County.  Judge O'Toole denied one PCRA petition as untimely on September 18, 2008; Honorable Jill E. Rangos denied the other on October 2, 2008.

II

Petitioner's conviction became final when the time for filing a petition for a writ of certiorari ran after the Superior court's decision on July 21 2000.  <u>See</u> <u>Swartz v. Meyers</u>, 204 F.3d 417, 419 (3d Cir.2000).  No time ran against AEDPA's limitations period because within the time to file a petition for certiorari, petitioner filed a PCRA petition.  That PCRA petition was pending and tolled the limitations period until December 16, 2003.  <u>Stokes v. District Attorney of County of Philadelphia</u>, 247 F.3d 539 (3d Cir.2001)(time to file petition for certiorari included in tolling on direct appeal but excluded on collateral review).  Slightly over two years then ran from the conclusion of petitioner's first collateral attack until his second one in January 2006.  Claims

that were or that could have been presented[2] on direct appeal or in the first PCRA petition are therefore untimely by approximately one year even if subsequent PCRA petitions were properly filed.  That would include petitioner's general claims of ineffective assistance of trial counsel, his claim that there was an undisclosed plea offer, and his specific claims that trial and appellate counsel were ineffective for failing to obtain DNA testing of the pantyhose the victim was wearing during the time of the alleged indecent assault.

Any of petitioner's habeas corpus claims presented in subsequent PCRA petitions and entertained on their merits by the state courts would be timely in this court only if they fell into one of the exceptions in 28 U.S.C.§ 2244(d)(1)(B)(obstruction of an appeal by state action), (C)(new constitutional rights announced by the Supreme Court and made retroactive to cases in which direct appeal has expired), or (D)(claims based on facts which were not reasonably discoverable until a point within a year before the filing of the habeas petition.)  The respondent appears to consider the petitioner's second PCRA petition for DNA testing in the last category because the Commonwealth concedes tolling from January 27, 2006, to May 29, 2008.  Response at 19.  Respondent relies on Judge O'Toole's analysis of this claim, that is, since the issue at trial

---

2.  Claims that could have been presented are additionally barred by the failure to exhaust them.

was the consent of the victim or lack thereof the DNA testing of the complaining witness's pantyhose would not be relevant to establishing petitioner's innocence.    In response to this petitioner presents a somewhat murky argument that the presence or absence of a quantity of his "DNA rich epithelial cells" on the pantyhose would be relevant to the question whether petitioner tore or did not tear a hole in the pantyhose as part of an assault. Petitioner implies that if there is a total lack of skin cells on the pantyhose that would be exculpatory evidence that he did not tear through them with his fingers as the complaining witness testified.    Petitioner describes this as evidence that would exonerate him.  Judge O'Toole found that the statutory requirements for DNA testing were not met because petitioner was not challenging his identity or participation in some consensual sexual activity with the complaining witness and DNA testing would not be relevant to the dispositive issue at trial, the complaining witness's consent or lack thereof.    Petitioner argues this is erroneous because the physical evidence of a lack of skin cells would impeach the prosecution's version of a forcible tearing of the pantyhose. Petitioner implies that impeachment is equivalent to exoneration.

### III

Before reaching the question of whether Judge O'Toole and the Pennsylvania Superior Court correctly denied petitioner's motion for DNA testing it is necessary to consider whether it is

7

even a matter for review in a habeas corpus action.   Outside the narrow bounds of 28 U.S.C.§ 2254 (federal habeas corpus) and perhaps a few other narrow contexts, <u>see</u> <u>e.g.</u> <u>DeLong v. Brumbaugh</u>, 703 F.Supp. 399 (W.D.Pa.1989)(suit under the Rehabilitation Act by deaf woman for declaratory judgment that her disqualification as juror violated the Act), Congress has not conferred on lower federal courts the authority to review the decisions of state courts.   <u>Guarino v. Larsen</u>, 11 F.3d 1151, 1156-57 (3d Cir.1993) ("District courts lack subject matter jurisdiction once a state court has adjudicated an issue because Congress has conferred only original jurisdiction not appellate jurisdiction on district courts."), <u>citing</u> <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 476 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).   The <u>Rooker-Feldman</u> doctrine precludes general federal review of matters presented to the state court if the relief requested in the federal action would effectively reverse the state decision or void its ruling.   <u>Gulla v. North Strabane Township</u>, 146 F.3d 168, 171 (3d Cir.1998).

Even if it was raised in a PCRA petition, petitioner's request for DNA testing does not of itself result in the overturning of his conviction or sentence, and it is not a remedy obtainable in a habeas corpus action[3].   <u>See</u> <u>Young v. Philadelphia</u>

---

3.   A federal civil rights claim under 42 U.S.C.§ 1983 would require at the least a showing that favorable DNA evidence exists
(continued...)

County Dist. Attorney's Office, 2009 WL 2445084, 1 (3rd Cir.2009). Whether the pantyhose ought to be subjected to DNA testing long after the conclusion of the direct appeal is a matter of state law. There is no freestanding federal right to DNA testing. District Attorney's Office for Third Judicial District v. Osborne, 129 S.Ct. 2308, 2322 (2009). (And as I have already ruled in this matter, the federal DNA testing statute, 18 U.S.C.§ 3600, is inapplicable to challenges to state law convictions unless those convictions were admitted in a federal death penalty proceeding.) Judge O'Toole ruled on the petitioner's motion for DNA testing, the Pennsylvania Superior Court affirmed that ruling, and the Pennsylvania Supreme Court denied review. Petitioner's only federal avenue of review at that point would have been to petition the Supreme Court for a writ of certiorari.

IV

A certificate of appealability should not be issued unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(C)(2). When the denial of the petition is based on procedural grounds, the Supreme Court stated in Slack v. McDaniel, 529 U.S. 473, 484 (2000), that:

---

(...continued)
and that a legal duty therefore required the prosecution to disclose it. See Yarris v. County of Delaware, 465 F.3d 129, 142 (3d Cir.2006)(approving Judge King's reasoning in the concurrence in Harvey v. Horan, 278 F.3d 370, 386-88 (4th Cir.2002)).

[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

See also Perry v. DiGuglielmo, 169 Fed.Appx. 134, 136 (3d Cir.2006).  On this record, no certificate of appealability should issue.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: __17 December 2009__

_____
Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

      Lee H. Wagner AJ-2441
      S.C.I. Cresson
      P.O. Box A
      Cresson, PA 16699-0001